IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

**UNITED STATES OF AMERICA**

v.                                    CRIMINAL NO. 2:21-00087

**MARK BOLLING**

<u>**MEMORANDUM OPINION AND ORDER**</u>

Pending before the court is the defendant's motion for judgment of acquittal or, alternatively, motion for a new trial. (ECF No. 242). The government has responded to the motion. (ECF No. 243). For the reasons expressed below, that motion is **DENIED**.

I.  Background

Defendant Mark Bolling ("Bolling" or "defendant") was the sole defendant in a six-count second superseding indictment. Count One of the Second Superseding Indictment charged defendant with distributing methamphetamine, on or about September 16, 2020, in violation of 21 U.S.C. 841(a)(1). Counts Two and Three charged defendant with possession with intent to distribute fentanyl and methamphetamine, on or about September 19, 2020, also in violation of violation of 21 U.S.C. 841(a)(1). Count Four of the indictment charged that, on or about September 19, 2020, defendant was a felon in possession of ammunition. Count Five charged defendant with being a felon in possession of firearms on or about September 21, 2020. Counts Four and Five

are in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Count Six charged defendant with possession of a firearm that was not registered to him in the National Firearm Registration and Transfer Record, in violation of 26 U.S.C. §§ 5861(d) and 5871.

After a three-day trial to a jury, defendant was found guilty on Counts Two, Three, Four, Five, and Six and acquitted on Count One.

Bolling moved for a judgment of acquittal at the close of all the evidence and, after the verdict, filed the instant written motion. In his motion, Bolling argues that the evidence presented at trial was insufficient to sustain his convictions.

## II. Standard of Review

*A.  Motion for Judgment of Acquittal*

In evaluating a defendant's motion for judgment of acquittal under Federal Rule of Criminal Procedure 29(c), the court must view the evidence in the light most favorable to the government to determine if any rational trier of fact could have found the defendant guilty of the essential elements of the crime beyond a reasonable doubt. See United States v. Wilson, 118 F.3d 228, 234 (4th Cir. 1997). Accordingly, defendant's conviction must be sustained if, viewed in the light most favorable to the United States, there is substantial evidence to support it. See Glasser v. United States, 315 U.S. 60, 80 (1942). In reviewing the sufficiency of the evidence, a court does not weigh the evidence

or assess the credibility of witnesses. See United States v. Arrington, 719 F.2d 701, 704 (4th Cir. 1983). The court "must assume that the jury resolved all contradictions in testimony in favor of the Government." United States v. United Med. & Surgical Supply Corp., 989 F.2d 1390, 1402 (4th Cir. 1993).

"'[S]ubstantial evidence,' in the context of a criminal action, [is] that evidence which 'a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt.'" United States v. Newsome, 322 F.3d 328, 333 (4th Cir. 2003) (quoting United States v. Burgos, 94 F.3d 849, 862 (4th Cir. 1996)). "The jury, not the reviewing court, weighs the credibility of the evidence and resolves any conflicts in the evidence presented." United States v. Murphy, 35 F.3d 143, 148 (4th Cir. 1994); see also United States v. Saunders, 886 F.2d 56, 60 (4th Cir. 1989) ("[T]his court is bound by the credibility choices of the jury.") (internal citations and quotations omitted). Furthermore, "if the evidence supports different, reasonable interpretations, the jury decides which interpretation to believe." Murphy, 35 F.3d at 148. Therefore, a defendant challenging the sufficiency of the evidence "`must overcome a heavy burden.'" United States v. Palomino-Coronado, 805 F.3d 127, 130 (4th Cir. 2015) (quoting United States v. Hoyte, 51 F.3d 1239, 1245 (4th Cir. 1995)).

> The Court "may not overturn a substantially supported verdict merely because it finds the verdict unpalatable

>or determines that another, reasonable verdict would be preferable," United States v. Burgos, 94 F.3d 849, 862 (4th Cir. 1996); instead reversal for insufficiency must "be confined to cases where the prosecution's failure is clear," Burks v. United States, 437 U.S. 1, 17, 98 S. Ct. 2141, 57 L. Ed. 2d 1 (1978).

Id. "[A] judgment of acquittal is appropriate when the evidence is so deficient that acquittal is 'the only proper verdict.'" United States v. Rafiekian, 68 F.4th 177, 186 (4th Cir. 2023) (quoting Tibbs v. Florida, 457 U.S. 31, 42 (1982)). "That is, if the evidence is so insufficient that no rational trier of fact could convict, the court should enter a judgment of acquittal." Id.

*B.  Motion for a New Trial*

Pursuant to Fed. R. Crim. P. 33, "[o]n a defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires."  When the motion attacks the weight of the evidence, the court's authority is broader than it is in deciding a motion under Fed. R. Crim. P. 29(c).  See United States v. Arrington, 757 F.2d 1484, 1485 (4th Cir. 1985).  In deciding a Rule 33 motion, the district court is not constrained by the requirement that it view the evidence in the light most favorable to the government.  See id.  Accordingly, it may weigh the credibility of witnesses.  See id.  Despite this broad discretion, the trial court should exercise it "sparingly, and a new trial should be granted only when the evidence weighs heavily against the verdict."  Id. at 1486.

4

In explaining the different standards governing a motion under Rule 29 and a motion under Rule 33, the United States Court of Appeals for the Fourth Circuit recently addressed the new-trial standard:

> A new trial, on the other hand, may be granted where the government has presented sufficient evidence for a reasonable jury to convict, but the court nevertheless disagrees with the jurors' weighing of the evidence in finding the defendant guilty. So in determining whether a new trial is warranted, the district court—sitting as a thirteenth juror,—conducts its own assessment of the evidence, unconstrained by any requirement to construe the evidence in the government's favor.
>
> District courts should grant new trials based on the weight of the evidence only in rare circumstances. Merely believing that the case could have come out the other way is not enough to warrant a new trial. Rather, this Court has instructed that a new trial based on the weight of the evidence is warranted when the evidence weighs so heavily against the verdict that it would be unjust to enter judgment. Since determining witness credibility and weighing conflicting evidence are the responsibility of the factfinder, the standard for jettisoning a jury verdict in favor of a new trial is demanding.

Rafiekian, 68 F.4th at 186-87 (cleaned up).

### III. Analysis

Where, as here, a defendant argues that a jury's verdict was based on insufficient evidence, "[t]he verdict of a jury must be sustained if there is substantial evidence, taking the view most favorable to the Government, to support it." Glasser v. United States, 315 U.S. 60, 80 (1942).

*A. Counts Two, Three, and Four*

The charges against Bolling set forth in Counts Two, Three, and Four were based on evidence developed as the result of a police traffic-stop in Fayette County, West Virginia, on September 19, 2020. Patrolman Timothy Farley of the Fayetteville Police Department stopped a vehicle for speeding. Defendant was the driver. During that traffic stop, law enforcement recovered marijuana, approximately 100 grams of methamphetamine, 30 grams of suspected heroin (later identified as fentanyl), empty plastic bags, a pistol magazine containing .45 caliber ammunition, and over $7,000 from the vehicle. There were two passengers present in the vehicle and Bolling did not own the car. According to Bolling, the government failed to provide sufficient evidence to show that he possessed the drugs and ammunition charged in Counts Two, Three, and Four because the vehicle "had been rented by a third party who permitted Mr. Bolling to drive the car[,]" and "the only evidence that any drugs [or ammunition] were ever in the rental car is the testimony of Officer Farley who failed to document through video or photograph a single drug [and bullet or other ammunition] located in the searched vehicle or anywhere else at the scene of the traffic stop." ECF No. 242 at 3-5.

In order to sustain its burden of proof for the crime of possession with intent to distribute a controlled substance, the government must prove the following essential elements beyond a reasonable doubt:

First: That the defendant did possess with intent to distribute the controlled substances alleged in the second superseding indictment.

Two: That the defendant did so knowingly and intentionally.

See United States v. Penniegraft, 641 F.3d 566, 572 (4th Cir. 2011). "To show a § 922(g)(1) violation, the government must prove three elements: (i) that the defendant was a convicted felon at the time of the offense; (ii) that he voluntarily and intentionally possessed a firearm; and (iii) that the firearm traveled in interstate commerce at some point." United States v. Adams, 814 F.3d 178, 183 (4th Cir. 2016) (quoting United States v. Gallimore, 247 F.3d 134, 136 (4th Cir. 2001)). In his motion, as to Counts Two, Three and Four, the only disputed element was whether Bolling possessed the drugs and ammunition found in the vehicle.

Of the government's burden in proving possession, the United States Court of Appeals for the Fourth Circuit has explained:

> Under our possession jurisprudence, possession can be actual or constructive. United States v. Rusher, 966 F.2d 868, 878 (4th Cir. 1992). "Actual possession" is defined as "[p]hysical . . . control over property." Black's Law Dictionary 1201 (8th ed. 2004). Constructive possession is established if it is shown

7

> "that the defendant exercised, or had the power to exercise, dominion and control over the item." Rusher, 966 F.2d at 878.

United States v. Moye, 454 F.3d 390, 395 (4th Cir. 2006) (en banc). "Notably, dominion and control cannot be established by mere proximity to [ ] contraband, by mere presence on the property where the contraband is found, or by mere association with the person who does control the contraband." United States v. Blue, 808 F.3d 226, 232 (4th Cir. 2015); see also United States v. Pardo, 636 F.2d 535, 549 (D.C. Cir. 1980) ("There must be some action, some word, or some conduct that links the individual to the [contraband] and indicates that he had some stake in them, some power over them. There must be something to prove that the individual was not merely an innocent bystander."). Furthermore, possession can be shared with others. United States v. Burgos, 94 F.3d 849, 873 (4th Cir. 1996); see also United States v. Jones, No. 17-4480, 742 F. App'x 710, 713 (4th Cir. July 18, 2018) ("Possession can be actual, exclusive, constructive, or joint."). Possession "is susceptible of proof by circumstantial as well as direct evidence." Penniegraft, 641 F.3d at 572.

Patrolman Farley testified at trial regarding the seizure of the drugs and ammunition incident to the traffic stop. That testimony, in and of itself, was sufficient to link the drugs and ammunition to Bolling in that they were found close to him in a

vehicle he was driving. "[P]roximity to contraband remains a factor for the jury to consider when assessing the evidence." United States v. Moody, 2 F.4th 180, 190 (4th Cir. 2021). However, there was also other evidence presented at trial that connected Bolling to the seized drugs and ammunition including: 1) text messages on Bolling's phone in which he discussed the sale of methamphetamine and heroin/fentanyl; 2) photographs from Bolling's phone showing him weighing rocks of methamphetamine; 3) the testimony of a witness that Bolling had sold him methamphetamine three days before the traffic stop; 4) a recorded jail call in which Bolling instructed his wife to "obliterate" the contents of his cell phone before the police could search it; 5) text messages discussing weapons and the sale of weapons; and 6) testimony that the ammunition seized would fit into a .45 pistol recovered on Bolling's property with a missing magazine. This was all evidence on which the jury could have reasonably relied in convicting Bolling on Counts Two, Three, and Four.

    Photographic and video evidence was not necessary. Contrary to Bolling's argument, the fact that the government did not have this type of evidence to offer does not mean that a reasonable trier of fact could not have found Bolling guilty beyond a reasonable doubt based on the evidence that was presented. See id. ("[Defendant]'s . . . focus on the types of evidence missing from the government's presentation ignores what the government

9

did present here: other evidence on which the jury could have reasonably relied in convicting [defendant]."). To the extent that defendant suggests the absence of such evidence calls the veracity of Patrolman Farley's testimony into question, the court does not weigh the credibility of witnesses on a Rule 29 motion.

Viewing the evidence in the light most favorable to the government, the court finds there was sufficient evidence to support the jury's verdict that, on September 19, 2020, Bolling possessed the drugs and ammunition in this case.

B. *Count Five*

Count Five of the Second Superseding Indictment charged defendant with possession of the following firearms, on or about September 21, 2020: a Gemtech, Model HALO, 5.56 caliber silencer; a Rock River Arms, model LAR-15, 5.56 caliber rifle; and a Bryco Arms, model 38, .380 caliber pistol. The indictment further charged at the time defendant possessed the aforesaid firearm(s), defendant knew he had been convicted of a crime punishable by a term of imprisonment exceeding one year, all in violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2).

The firearms and silencer were recovered during execution of a search warrant on a building and property located at 117 Keystone Drive, on September 21, 2020. Bolling owned the property and lived in the building which also had other

apartments.  The firearms and silencer charged in Count Five were recovered during a search of Donald Jordan's apartment, one of the tenants at Bolling's property.  According to defendant, the government did not present sufficient evidence from which a jury could find beyond a reasonable doubt that he possessed these firearms "found in the apartment of Donald Jordan, an apartment where Mr. Bolling did not reside nor was there any evidence that he actually entered the apartment."  ECF No. 242 at 5.

Although a reluctant witness at trial, Jordan denied ownership of the firearms and silencer.  At trial, the government linked them to Bolling as photos of the silencer and firearms that had been recovered from Bolling's phone were shown to the jury.  The jury also heard testimony that at least one of the photos appeared to have been taken inside Bolling's apartment.  The jury also saw text messages in which Bolling discussed selling firearms and sent a photograph of what appeared to be the 5.56 rifle with the silencer attached.  There was testimony that Bolling and his wife likely had access to Jordan's apartment.  A recorded jail call between Bolling and his wife, made shortly after his arrest in Fayetteville and two days before his building was searched, discussed moving "tools" out of Bolling's apartment.

This was substantial circumstantial evidence to prove Bolling's constructive possession of the firearms and silencer recovered from Jordan's apartment.

*C. Count Six*

Count Six of the Second Superseding Indictment charged defendant with possession of a firearm silencer which was not registered to him in the National Firearms Registration and Transfer Record, as required by 26 U.S.C. § 5841, in violation of 26 U.S.C. §§ 5861(d) and 5871. This charge stems from the silencer recovered from Jordan's apartment.

In order for the jury find Bolling guilty on Count Six, the government had to prove each of the following essential elements beyond a reasonable doubt:

1. That, on or about the date alleged in Count Six, the defendant had possession of a firearm silencer or firearm muffler;

2. That defendant had knowledge that what he possessed had the characteristics of a firearm silencer or firearm muffler; and

3. That this device was not registered to the defendant in the National Firearms Registration and Transfer Record.

Bolling contends that there was insufficient evidence presented for the jury to find that Bolling knew of the "feature or characteristic of the silencer which brought it within 26 U.S.C. §§ 5861(d) and 5871[.]" ECF No. 242 at 5.

At trial the jury saw a text message from Bolling's phone in which Bolling sent a photo of the 5.56 rifle and silencer and

then described the rifle as coming with a suppressor. The jury heard testimony that a silencer and suppressor were interchangeable terms for the same thing. Two photographs recovered from Bolling's phone were introduced at trial showing the silencer attached to the end of the barrel of the 5.56 rifle. The foregoing was sufficient evidence to sustain the jury's verdict on Count Six.

*D. Motion for a New Trial*

The court has also considered defendant's motion under Rule 33. The court does not in its discretion find that a new trial would be appropriate. There has been no showing that it would be unjust to enter judgment.

## IV. Conclusion

The court is mindful that a jury <u>could</u> have concluded that Bolling was not in possession of the drugs, firearms, and ammunition upon which his convictions were based. "However, it was for the jury, not this court, to decide which version of the events—the government's or [defendant]'s—was more credible." <u>United States v. Moye</u>, 454 F.3d 390, 396 (4th Cir. 2006) (en banc). As the Fourth Circuit explained:

> To be sure, as appellate judges, we enjoy no greater vantage point on appeal than did the jury at trial and we have no right to usurp the jury's role to find facts. . . . If we did otherwise, we would be substituting our judgment for that of the jury. In this case, the jury was entitled to reach the reasonable and quite unremarkable conclusion that [defendant] possessed the firearms. . . ."

13

<u>Id.</u> at 396-97.

For the foregoing reasons, defendant's motion for judgment of acquittal or, alternatively, motion for a new trial is **DENIED**.

The Clerk is directed to send a copy of this Memorandum Opinion and Order to counsel of record, to the United States Marshal for the Southern District of West Virginia, and to the Probation Office of this court.

IT IS SO ORDERED this 31st day of July, 2023.

ENTER:

*David A. Faber*
David A. Faber
Senior United States District Judge